CHRISTOPHER J. CASSAR, P.C.
*Attorneys for Plaintiff*
13 East Carver Street
Huntington, NY 11743
(631) 271-6595 phone
(631) 351-0196 fax
CHRISTOPHER J. CASSAR (CC-9520)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X   Docket No.:
IVAN CINTRON,

                    Plaintiff,

      -against-

SUFFOLK COUNTY POLICE OFFICER
SCOTT E. WELSHIMER,

                    Defendants.
-----------------------------------------------------------X

**CV-13 4811**

**VERIFIED COMPLAINT**

*Plaintiff Demands a Trial by Jury*

**FEUERSTEIN, J**

**LINDSAY, M.**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT
★ AUG 27 2013
LONG ISLAND

      Plaintiff, **IVAN CINTRON**, by his attorney, Christopher J. Cassar, P.C., as and for his complaint against defendant, **SUFFOLK COUNTY POLICE OFFICER SCOTT E. WELSHIMER**, respectfully alleges as follows:

### INTRODUCTION

1.    This is a proceeding for damages suffered by plaintiff as a result of defendant's unlawful arrest and application of unnecessary force against the person of the plaintiff.

### JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 USC §1983 and jurisdiction of this Court is invoked under 28 USC §§ 1331 and 1343. The Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law.

3.    The amount of this controversy exceeds $50,000.00 exclusive of interest and cost.

4.    Venue is placed in this district because it is where all the parties reside and where

the events complained of occurred.

## PARTIES

5. Plaintiff, Ivan Cintron, is a citizen of the United States, resident of the State of New York, and of the County of Suffolk.

6. Defendant, Scott E. Welshimer, was at all times pertinent to the allegations of this complaint, a police officer employed by the Police Department of the County of Suffolk

## FIRST CAUSE OF ACTION

7. On or about March 26, 2011, the defendant deprived the plaintiff of his rights, privileges, and immunities secured by the Constitution and Laws of the United States of America, and the defendant deprived those rights while acting under the color of law.

8. On or about March 26, 2011 at about 8:06 pm, plaintiff was unlawfully arrested and intentionally assaulted by Defendant Suffolk County Police Officer Scott E. Welshimer and several members of the Suffolk County Police Department at or near the intersection of MacArthur Avenue and Dolittle Street, Brentwood, in the Town of Islip, the County of Suffolk, and in the State of New York and while at the Third Precinct of the Suffolk County Police Station. During the unlawful arrest, the defendant used excessive force causing significant injury to the plaintiff.

9. On March 26, 2011, the plaintiff was transported to Southside Hospital, for his injuries sustained by the unlawful arrest, physical assault, and excessive force by the defendant Suffolk County Police Officer Scott E. Welshimer.

10. The Plaintiff was the victim of punishment administered by the Suffolk County police officers in a grossly disproportionate manner to whatever act the Plaintiff may have committed which constituted cruel and unusual punishment and deprived him of his rights to due

process of law under the law and Constitution of the United States in particular the Fifth, Eight and Fourteenth Amendment and 42 USC §1983. The physical beating of the Plaintiff was unwarranted, cruel, unjustified, and excessive.

11. Furthermore, the Plaintiff was deprived of rights and immunities provided to him, under the Constitution and laws of the United States and of the State of New York including but not limited to his rights under the Fourteenth Amendment to be secure in his person, to be free from punishment without due process and the equal protection of the laws.

12. The Plaintiff was deprived of rights and immunities provided to him, under the Constitution and laws of the United States and the State of New York including but not limited to his rights under the Fourth and Fourteenth Amendments to be free from unreasonable seizures. The amount of force used in order to seize the Plaintiff was unreasonable and unconstitutional.

13. The defendant knew, or should have known, of the Plaintiff's rights at the time of the arrest.

14. Moreover, as a direct and proximate result of the above described unlawful and malicious acts of the Defendant, all committed under the color of his authority as a Suffolk County police officer and while acting in that capacity, the Plaintiff suffered grievous bodily harm, extreme pain, and economic loss which is a violation of his rights under the laws and Constitution of the United States in particular the Fifth, Eight and Fourteen Amendments and 42 USC §1983.

## SECOND CAUSE OF ACTION

15. Plaintiff, IVAN CINTRON, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "14" of the Complaint, as though the same were more fully set forth at length herein.

16. On March 26, 2011, defendant, SUFFOLK COUNTY POLICE OFFICER SCOTT E. WELSHIMER, intentionally attempted and/or threatened to cause injury or commit a battery against the person of the plaintiff.

17. On March 26, 2011, defendant, SUFFOLK COUNTY POLICE OFFICER SCOTT E. WELSHIMER, intentionally placed the plaintiff in imminent apprehension of harmful contact by his physical conduct.

18. The defendant committed assault by intentionally and without the consent of the plaintiff, struck the person of the plaintiff, causing serious physical injury.

## THIRD CAUSE OF ACTION

19. Plaintiff, IVAN CINTRON, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "18" of the Complaint, as though the same were more fully set forth at length herein.

20. On March 26, 2011, the defendant caused intentional and wrongful physical contact with the person of the plaintiff without his consent.

21. The defendant committed battery by intentionally hyperextending plaintiff's elbow and striking the person of the plaintiff without the consent of the plaintiff.

22. As a result of the battery, plaintiff sustained serious physical injury.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant as follows:

1. Compensatory damages to the Plaintiff in the amount of $10,000.000;
2. General damages in the amount of $10,000.000;
3. Punitive damages against the Defendants in the amount of $10,000.000;
4. Awarding the Plaintiff the reasonable cost, expense and attorney's fees of this action; and
5. Such other and further relief as may be just.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiffs herein demand a trial by jury of all issues in this action.

Dated: Huntington, New York
      July 25, 2013

                                    Respectfully submitted,

                                    CHRISTOPHER J. CASSAR, P.C.

                                    CHRISTOPHER J. CASSAR (CC-9520)
                                    *Attorneys for the Plaintiff*
                                    13 East Carver Street
                                    Huntington, NY 11743
                                    (631) 271-6596

## VERIFICATION

I, **IVAN CINTRON**, am the Plaintiff in the within action; I have read the foregoing complaint and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters therein stated to be alleged upon information and belief I believe them to be true.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows: personal knowledge.

I affirm that the foregoing statements are true, under the penalties of perjury.

_____
Ivan Cintron

Sworn to before me on this
22th day of August, 2013

_____
Notary Public